Case No. 2:25-cv-00885-JAD-NJK

Shauntez A. Day
Pro Se Plaintiff
6855 Desert Island Street
Las Vegas, NV 89145
(702) 403-6163
tezzi80@gmail.com



UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Shauntez A. Day,
Plaintiff,

v.

MidFirst Bank; Midland Mortgage; Quality Loan Service Corporation; McCarthy & Holthus LLP,
Defendants.

Case No.: 2:25-cv-00885-JAD-NJK

## OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6) FOR FAILURE TO STATE A CLAIM

### INTRODUCTION
Defendants MidFirst Bank and Midland Mortgage attempt to dismiss Plaintiff's claims by mischaracterizing the factual timeline and ignoring material documents and statutory protections. Contrary to Defendants' assertions, Plaintiff's Complaint properly alleges facts that, taken as true, establish plausible claims for relief under RESPA, TILA, FDCPA, Nevada law, and common law principles including equitable misrepresentation, unjust enrichment, and clouded title.

### II. STANDARD OF REVIEW UNDER RULE 12(b)(6)
A Rule 12(b)(6) motion tests the legal sufficiency of the claims alleged in a complaint. The court must accept all factual allegations as true and construe them in the light most favorable to the plaintiff. Dismissal is proper only if the complaint lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

## III. ARGUMENT

### A. Plaintiff Has Stated Plausible Claims for Relief Sufficient to Survive FRCP 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits dismissal only where the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." In evaluating a motion to dismiss, the court must accept all well-pleaded allegations in the complaint as true and construe them in the light most favorable to the plaintiff. Here, Plaintiff's Complaint outlines substantial and material discrepancies in the Defendants' chain of title, inconsistencies between recorded assignments and promissory notes, and violations of federal law including the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §2605(e). Plaintiff has also sent a formal Qualified Written Request (QWR) and Notice of Error under RESPA via registered mail, dated July 7, 2025, which was sent to the Defendants for a response within the required time frame.

### B. Plaintiff's Quiet Title Claim is Legally Sufficient

Contrary to Defendants' assertion that Plaintiff "seeks a free home," the Complaint demonstrates that Plaintiff is not disputing the existence of a valid obligation per se, but rather the standing of Defendants to enforce that obligation in light of misrepresentation assignments, reconveyance irregularities, and the return of the original promissory note. Nevada law requires that the burden of proof rests on the party claiming title through adverse means. (See NRS 40.010; Breiten v. Preferred Equities Corp., 918 P.2d 314, 318 (Nev. 1996)). Plaintiff's position is that no entity currently holds a perfected, enforceable interest in the property due to breakage in the chain of title and the extinguishment of the original note.

### C. Plaintiff's Misrepresentation and Equitable Misrepresentation Claims Are Pled with Sufficient Specificity

Plaintiff has identified material misrepresentations regarding the validity, servicing, and securitization of the mortgage loan, and Defendants' knowing or reckless disregard for the legal consequences of such actions. The Complaint pleads, in detail, that Plaintiff made payments on a note that was already satisfied and returned, and was never notified of any legally valid reassignment or subsequent security interest. The essential elements of misrepresentation—including misrepresentation, scienter, reliance, and resulting damages—are all pled with sufficient detail to warrant discovery. See FRCP 9(b); Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th Cir. 1989).

### D. RESPA Violations Establish a Federal Question and a Valid Claim

Plaintiff timely submitted a Qualified Written Request pursuant to 12 U.S.C. §2605(e), to which Defendants shall provide a full and proper response as mandated by law. This establishes a statutory violation actionable under 12 U.S.C. §2605(f). The QWR identifies specific accounting discrepancies and demands validation of the debt, the chain of title, and

the basis for any claimed arrears. If Defendants' fail to address the QWR will further substantiates Plaintiff's cause of action under federal law.

### E. Declaratory Relief Is Properly Sought as a Remedy

Declaratory relief is a remedy that clarifies the legal rights and duties of the parties. Plaintiff seeks the Court's intervention to declare the nonexistence of a lawful debt obligation and to affirm that no Defendant holds a valid security interest. While it may not constitute an independent claim, courts consistently permit declaratory relief as part of a broader action involving real property and constitutional rights. (See Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667 (1950)).

Dated: July 8, 2025

*/s/ Shauntez A. Day*
/s/ Shauntez A. Day
Shauntez A. Day
Plaintiff, in propria persona
6855 Desert Island Street
Las Vegas, NV 89149
Email: tezzi80@gmail.com
Phone: (702) 403-6163