UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Shauntez Day, | Case No.: 2:25-cv-00885-JAD-NJK |
| Plaintiff | |
| v. | **Order Denying Motion for Temporary Restraining Order and Request for Emergency Relief** |
| MidFirst Bank, et al., | [ECF Nos. 8, 22] |
| Defendants | |

  Plaintiff Shauntez Day moves for a temporary restraining order and emergency relief to stop the foreclosure sale of property at 6855 Desert Island Street in Las Vegas, Nevada, scheduled for tomorrow, July 11, 2025.[1] As the basis for such relief he alleges, without any attempt at proof, that the defendants "failed to comply with notice and due-process requirements" and "have acted without standing or authority," that the foreclosure was initiated "after the recording of a Lis Pendens," and that the Fair Debt Collection Practices Act "was violated by false and deceptive conduct in collection and foreclosure activity."[2]

  A temporary restraining order is an "extraordinary" remedy that is "never awarded as of right."[3] The Supreme Court clarified in *Winter v. Natural Resources Defense Council, Inc.* that to obtain an injunction, the plaintiff "must establish that [it] is likely to succeed on the merits, that [it] is likely to suffer irreparable injury in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest."[4] The Ninth Circuit also recognizes an additional standard: "if a plaintiff can only show that there are 'serious

---

[1] ECF No. 8.

[2] *Id.* at 2–3.

[3] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

[4] *Id.* at 20.

questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the plaintiff's favor,' and the other two *Winter* factors are satisfied."[5]

Day satisfies neither standard here because he has not shown that he is likely to succeed on the merits of any claim. He offers no proof of any of the misconduct that he alleges the defendants engaged in. At most, he provides some loan documents attached to his complaint.[6] One of those documents shows that Day paid one of his mortgage loans in full.[7] But the defendants provide judicially noticeable documents from the Clark County Recorder's Office showing that, although Day did pay off a loan, he refinanced to receive a more favorable interest rate and made payments on that new mortgage loan for years before defaulting.[8] The defendants are seeking foreclosure based on that second defaulted loan. So it does not appear that Day is likely to succeed on the merits of any claim stemming from his allegation that "no lawful debt remains."[9] And because Day offers no facts or evidentiary support for his six claims for relief,[10] he has not shown that is likely to succeed on those claims either. Accordingly,

---

[5] *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)).

[6] *See* ECF No. 1 at 11–29.

[7] *Id.* at 12.

[8] *See* ECF No. 20 at 3–4 (summarizing loan history); ECF No. 21 (mortgage documents). The documents attached to defendants' request for judicial notice are recorded at the Clark County Recorder's Office and are not subject to reasonable dispute. So I take judicial notice of them. *See* Fed. R. Evid. 201(b); *United States v. Corinthian Colls.*, 655 F.3d 984, 998–99 (9th Cir. 2011).

[9] ECF No. 1 at 11.

[10] *See id.* at 3 (listing claims for declaratory judgment, quiet title, fraud and misrepresentation, RESPA violations, constructive fraud, and unjust enrichment, each with one bullet point of allegations that merely recite elements of those claims).

2

IT IS HEREBY ORDERED that Plaintiff Shauntez Day's motions for a temporary restraining order **[ECF No. 8 & 22] are DENIED.**

_____
U.S. District Judge Jennifer A. Dorsey
July 10, 2025