# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| SHAUNTEZ DAY,<br><br>       Plaintiff,<br><br>v.<br><br>MIDFIRST BANK, et al.,<br><br>       Defendants. | Case No. 2:25-cv-00885-JAD-NJK<br><br>**Order**<br><br>[Docket No. 30] |

Pending before the Court is a proposed discovery plan and scheduling order. Docket No. 30.

The joint proposed discovery plan improperly imposes a stay of discovery pending the resolution of Defendant's motion to dismiss, without addressing the relevant standards. "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011).

Additionally, the parties' joint proposed discovery plan fails to comply with the Court's Local Rules. Local Rule 26-1(a) states, "[t]he plan must be formatted to permit the plan, once the court approves it, to become the scheduling order required by Fed. R. Civ. P. 16(b)." Additionally, Local Rule 26-1(b)(10) requires that, "[a]ll discovery plans must include on the last page of the plan the words 'IT IS SO ORDERED' with a date and signature block for the judge in the manner set forth in LR IA 6-2." The instant filing does not adhere to these requirements because Plaintiff's "Response to Proposed Joint Discovery Plan and Scheduling Order" is attached after the "Proposed Discovery Plan and Scheduling Order" and signature block. Docket No. 30.

Local Rule 26-1(b) further outlines requirements for the form of the stipulated discovery plan. The proposed discovery plan and scheduling order fails to provide calendar dates for the proposed deadlines, as required by LR 26-1(b)(1)-(4). Docket No. 30.

1

Lastly, Local Rule 26-1(b)(1) states:
> The plan must state the date the first defendant answered or otherwise appeared, the number of days required for discovery measured from that date, and the calendar date on which discovery will close. Unless the court orders otherwise, discovery periods longer than 180 days from the date the first defendant answers or appears will require special scheduling review.

Here, the parties "propose the cut-off date for discovery shall be within 180 days of the date that all appearing defendants file an Answer." Docket No. 30 at 3. The requested discovery period is longer than the presumptively reasonable length; however, the proposed discovery plan does not state on its face "SPECIAL SCHEDULING REVIEW REQUESTED." *See* Local Rule 26-1(a).

Accordingly, the joint discovery plan is **DENIED** without prejudice. Docket No. 30. The parties are **ORDERED** to submit an amended joint proposed discovery plan and scheduling order, or a proper request to stay discovery pending resolution of the motion to dismiss addressing the relevant standards, by September 11, 2025.

IT IS SO ORDERED.

Dated: September 4, 2025

                                                                                Nancy J. Koppe
                                                                                United States Magistrate Judge