# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| SHAUNTEZ DAY,<br><br>    Plaintiff,<br><br>v.<br><br>MIDFIRST BANK, et al.,<br><br>    Defendants. | Case No. 2:25-cv-00885-JAD-NJK<br><br>**Order**<br><br>[Docket Nos. 33, 34] |

Pending before the Court is Plaintiff's proposed discovery plan and scheduling order, submitted without the agreement of Defendants. Docket No. 33. Also pending before the Court is Defendants' proposed discovery plan and scheduling order, submitted without the agreement of Plaintiff. Docket No. 34.

On August 29, 2025, the Court ordered the parties to file a joint discovery plan by September 5, 2025. Docket No. 29. On September 3, 2025, the parties submitted a proposed discovery plan and scheduling order. Docket No. 30. On September 4, 2025, the Court denied the proposed discovery plan and scheduling order. Docket No. 31. The Court explained that the "joint proposed discovery plan improperly imposes a stay of discovery pending the resolution of Defendant's motion to dismiss, without addressing the relevant standards." *Id.* at 1. Additionally, the joint proposed discovery plan failed to comply with the Court's Local Rules. Docket No. 31. The proposed plan was not formatted in accordance with Local Rule 26-1(a), and it failed to provide calendar dates for the proposed deadlines, as required by Local Rule 26-1(b)(1)-(4). Docket No. 31. The parties were ordered "to submit an amended joint proposed discovery plan and scheduling order, or a proper request to stay discovery pending resolution of the motion to dismiss addressing the relevant standards." *Id.* at 2.

The discovery process is meant to be a cooperative endeavor, *see Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015), and is subject to an overriding limitation of good faith, *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1246 (9th Cir. 1981). Those same requirements apply to the creation and submission of a joint discovery plan. *See* Local Rule 26-1(a). Parties are expected to comply with the Local Rules and **cooperate** with one another to create and submit a joint discovery plan and scheduling order. The instant filings do not adhere to the requirement that the discovery plan be filed jointly. Docket Nos. 33, 34.

Additionally, Defendants' proposed discovery plan and scheduling order once again improperly imposes a stay of discovery pending the resolution of Defendant's motion to dismiss, without addressing the relevant standards. Docket No. 34. "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600-01 (D. Nev. 2011).

Moreover, Defendants' proposed plan once again fails to provide calendar dates for the proposed deadlines, as required by LR 26-1(b)(1)-(4). Docket No. 34, *see also* Docket No. 31 at 1 ("The proposed discovery plan and scheduling order fails to provide calendar dates for the proposed deadlines, as required by LR 26-1(b)(1)-(4).").

Lastly, Local Rule IC 5-1 provides the requirements for party signatures in filings to the court. Where multiple electronic signatures are required, such as in the filing of a joint discovery plan, "the filer must obtain either the original signature or consent to apply the '/s/[name' signature of each party or attorney." Local Rule IC 5-1(d). Defendants' counsel's signature is absent from both proposed plans, and Plaintiff's signature is absent from Defendants' proposed plan. Docket Nos. 33, 34. Both parties are required to sign the joint discovery plan and scheduling order.

The parties are once again instructed to adhere to the Federal Rules of Civil Procedure and the Local Rules in all filings with the Court. Sanctions may be imposed for failure to comply with the Local Rules or any order of this court. *See* Local Rule IA 11-8.

Accordingly, the instant filings are **DENIED** without prejudice. Docket Nos. 33, 34. The parties are **ORDERED** to submit an amended joint proposed discovery plan and scheduling order,

or a proper request to stay discovery pending resolution of the motion to dismiss addressing the relevant standards, by September 18, 2025.

IT IS SO ORDERED.

Dated: September 12, 2025

_____
Nancy J. Koppe
United States Magistrate Judge