**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Shauntez Day, | Case No.: 2:25-cv-00885-JAD-NJK |
| Plaintiff | |
| v. | **Order Granting Motion to Dismiss and Closing Case** |
| MidFirst Bank, et al. | [ECF Nos. 12, 15] |
| Defendants | |

Pro se plaintiff Shauntez Day sues MidFirst Bank, Midland Mortgage, Quality Loan Service Corporation, and McCarthy & Holthus for quiet title, fraud, unjust enrichment, and REPSA[1] violations, theorizing that MidFirst lacked a valid mortgage on Day's property and unlawfully foreclosed on it.[2]  The defendants move to dismiss this case, arguing that Day's threadbare claims fail to meet federal pleading standards and that the mortgage documents—of which this court should take judicial notice—belie his claims.[3]  Day contends that he pled his claims with sufficient specificity and that MidFirst's mortgage is invalid.[4]  But Day's claims lack specificity, and his attacks on MidFirst's mortgage are meritless.  So I grant the defendants' motions to dismiss and close this case.

---

[1] Real Estate Settlement Procedures Act.  12 U.S.C. § 2601 *et seq.*

[2] *See generally* ECF No. 1.

[3] *See* ECF Nos. 12, 15.

[4] *See* ECF No. 19.

**Discussion**

Federal pleading standards require a plaintiff's complaint to include enough factual detail to "state a claim to relief that is plausible on its face."[5]  This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation";[6] a plaintiff must make direct or inferential factual allegations about "all the material elements necessary to sustain recovery under *some* viable legal theory."[7]  A complaint that fails to meet this standard must be dismissed.[8]

Because Day is an unrepresented litigant, this court must liberally construe his arguments.[9]  Still, dismissal of a complaint is appropriate if it appears beyond a doubt that the plaintiff "can prove no set of facts in support of his claim [that] would entitle him to relief"[10] and the court does not need "to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."[11]

**A.      The court takes judicial notice of MidFirst's mortgage documents.**

As the foundation of their theory, the defendants ask the court to take judicial notice of documents from the Clark County Recorder's Office showing that MidFirst held and recorded a mortgage from 2019 on Day's property.[12]  While a motion to dismiss is generally cabined to the

---

[5] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[7] *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

[8] *Id.* at 570.

[9] *Ortez v. Wash. Cnty.*, 88 F.3d 804, 807 (9th Cir. 1996); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (unrepresented litigants "must be held to less stringent standards than formal pleadings drafted by lawyers").

[10] *Ortez*, 88 F.3d at 807.

[11] *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004).

[12] ECF Nos. 13, 14.

allegations in the complaint, courts can "consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment."[13]  A court may "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."[14]  It is well-established that a court may take judicial notice of "matters of public record,"[15] such as "documents recorded by a county recorder's office."[16]  Day does not raise any specific issues with the defendants' request for judicial notice, so I deem the request uncontested, and I take judicial notice of the documents from the county recorder's office.

**B.      Day's claims for quiet title and declaratory relief fail.**

Day's first claim is for quiet title.  "A plea to quiet title does not require any particular elements, but 'each party must plead and prove his or her own claim to the property in question' and a 'plaintiff's right to relief therefore depends on superiority of title.'"[17]  In Nevada, the plaintiff has the burden to prove his good title.[18]

Day supports his claim for superior title with a letter stating that he fully paid off a mortgage on the property from 2018.[19]  But MidFirst argues that this letter paints a misleading picture: although that 2018 home loan got paid off, the payoff happened because Day refinanced

---

[13] *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

[14] Fed. R. Evid. 201(b)(2).

[15] *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

[16] *See, e.g.*, *Vaughan v. Quicken Loans Inc.*, 2025 WL 2104273, at *4 (C.D. Cal. July 8, 2025) (citing *Grant v. Aurora Loan Servs., Inc.*, 736 F. Supp. 2d 1257, 1264 (C.D. Cal. 2010)).

[17] *Chapman v. Deutsche Bank Nat'l Tr. Co.*, 302 P.3d 1103, 1106 (Nev. 2013).

[18] *West Sunset 2050 Trust v. Nationstar Mortgage, LLC*, 420 P.3d 1032, 1034 (Nev. 2018).

[19] ECF No. 1 at 18.

that mortgage with a new one in 2019 to receive a more favorable interest rate, and he made some payments on that new 2019 mortgage (held by MidFirst) before defaulting on it.[20]  Thus, Day still had an outstanding mortgage—just not the 2018 one in the letter.

Day seems to offer three theories for why this 2019 mortgage is invalid: some undescribed defect in the chain of title, the note and deed of trust were split, and a lack of consideration.  But the county recorder's office documents do not support a chain-of-title or bifurcation issue.  They show instead that MidFirst maintained the 2019 mortgage on the property.[21]  Although Day initially received both mortgages from LoanDepot.com, LLC,[22] the records show that the LoanDepot note from the 2019 mortgage was endorsed to MidFirst[23] and the deed of trust from the 2019 mortgage was assigned to MidFirst.[24]  Day's assertion that MidFirst's mortgage lacked consideration is similarly vague or unexplained.[25]  On its face, the overall mortgage transaction has a textbook example of consideration—the extension of credit for repayment plus interest and the granting of a security interest in the property.[26]  So with

---

[20] ECF No. 13 at 38, 71, 78.

[21] *Id.* at 38, 71.

[22] *Id.* at 38.

[23] *Id.* at 41.

[24] *Id.* at 71.

[25] Day filed an unauthorized surreply that states that "[w]here a promissory note is reconveyed and marked 'Paid in Full,' yet later relied upon to foreclose, the absence of valid consideration renders subsequent enforcement void."  ECF No. 41 at 2.  MidFirst did not rely on the first 2018 mortgage, which got paid off when Day refinanced; rather MidFirst foreclosed on the subsequent 2019 mortgage.

[26] *See* ECF No. 13 at 38, 71.

MidFirst holding the valid 2019 mortgage that it foreclosed on, Day cannot prevail on his quiet-title claim because his "debt was not discharged."[27]  I thus dismiss Day's quiet-title claim.

For the same reasons, Day's request for a declaratory judgment fails.  In conjunction with the quiet-title action, Day "seeks a judicial declaration that . . . the mortgage is void, extinguished, or satisfied in full."[28]  But the recorded documents show that MidFirst held a valid mortgage and that it foreclosed on that mortgage.  So, to the extent that Day characterizes his request for declaratory relief as a separate claim, it is dismissed.

**C.    Day failed to plead his fraud claims with sufficient particularity.**

Day's two fraud-based claims fare no better.  Day's third claim (fraud and misrepresentation) alleges, in its entirety, that "[d]efendants knowingly misrepresented the authority to collect on a mortgage debt that had been satisfied and concealed securitization activities."[29]  And Day's fifth claim (constructive fraud) alleges that "[d]efendants breached fiduciary duties through omission and concealment of material facts regarding securitization and servicing."[30]

MidFirst moves to dismiss these threadbare claims, arguing they don't meet federal pleading standards for fraud.  Federal Rule of Civil Procedure 9(b) requires a "party [to] state with particularity the circumstances constituting fraud or mistake" in an action "alleging fraud or mistake."  Meeting that level of specificity generally requires pleading "an account of the time,

---

[27] *See Alexander v. New York Cmty. Bancorp, Inc.*, 129 Nev. 1094, at *1 (2013) (unpublished) (dismissing former owner's action to quiet title on her foreclosed property because her "debt was not discharged and that [purchaser in a foreclosure sale] holds valid title to the subject property").

[28] ECF No. 1 at 3.

[29] *Id.*

[30] *Id.*

place, and specific content of the false representations as well as the identities of the parties to the misrepresentations" and "what is false or misleading about the purportedly fraudulent statement, and why it is false."[31]  In other words, "Rule 9(b) requires a party to state . . . the who, what, when, where, and how of" the alleged fraud.[32]  "[M]ere conclusory allegations of fraud are insufficient."[33]

Although Day baldly argues that his "[c]omplaint pleads, in detail," the elements needed for fraud,[34] these claims fall well short of federal pleading standards for such claims.  Day did not plead any specific false representations on the part of any defendant.  Nor does there appear to be a basis for a fraud claim.  As explained *supra*, there is no evident defect in the MidFirst mortgage, so Day cannot base a theory of fraud on that.  His complaint seems to allege that he "received fraudulent foreclosure notices based on a facially defective and unverified copy of a promissory note" that lacked a wet-ink signature and that defendants mailed him "unverified statements, copies, or documents not in compliance with commercial law, equity, or judicial evidentiary standards."[35]  But Nevada law only requires a foreclosure notice to include "a copy of the promissory note," [36] which appears to be what happened here.[37]  So I dismiss Day's fraud and misrepresentation and constructive fraud claims for failure to state any such claim.

---

[31] *In re Cloudera, Inc.*, 121 F.4th 1180, 1187 (9th Cir. 2024) (citing *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007), and *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004)) (cleaned up).

[32] *Ebeid ex rel. U.S. v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010) (citing *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)) (cleaned up).

[33] *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).

[34] ECF No. 19 at 2.

[35] ECF No. 1 at 2, 8.

[36] *See* Nev. Rev. Stat. § 107.085(3)(b).

[37] *See* ECF No. 1 at 3.

**D.    Day has not adequately pled a RESPA violation.**

Day's RESPA claim similarly warrants dismissal.  "RESPA requires the servicer of a federally related mortgage loan to provide a timely written response to inquiries from borrowers regarding the servicing of their loans."[38]  Day alleges that MidFirst "failed to respond to qualified written requests, or notices of dispute."[39]  But Day provides no further factual allegations in support of this conclusory statement such as the specific requests or dates, so MidFirst moves to dismiss it as lacking particularity.

Day doesn't meaningfully contest defendants' characterization.  Instead, it seems he attempted to cure this defect by sending qualified written requests one day before filing his response brief.[40]  But these new requests can't make up for the prior deficiency because the operative complaint still doesn't state a claim.[41]  They also don't establish that Day had a claim at the time of his filing or show that MidFirst didn't timely respond to these new requests.  So I dismiss Day's REPSA claim as unsupported by the allegations.

**E.    Day cannot plead unjust enrichment.**

Day also asserts a claim for unjust enrichment.  But "[a]n action based on a theory of unjust enrichment is not available when there is an express, written contract."[42]  Unjust enrichment is thus not available as a cause of action against MidFirst because its mortgage created a contractual relationship between MidFirst and Day.[43]  Nor does Day plausibly allege

---

[38] *Medrano v. Flagstar Bank, FSB*, 704 F.3d 661, 665 (9th Cir. 2012) (citing 12 U.S.C. § 2605(e)(1)(A), (e)(2)).

[39] ECF No. 1 at 3.

[40] *See* ECF No. 19-1 at 1.

[41] *Schneider v. Cal. Dep't of Corrs.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

[42] *Leasepartners Corp. v. Robert L. Brooks Tr.*, 942 P.2d 182, 187 (Nev. 1997).

[43] Likewise, Midland Mortgage is a division of MidFirst Bank.  ECF No. 15 at 1 n.1.

that MidFirst unjustly retained and sold the property because it appears that MidFirst had a valid mortgage that it foreclosed on.[44]  Day also pleads no allegations that relate to Quality Loan Service Corporation or McCarthy & Holthus, so I dismiss this claim against them as well.

**F.      Leave to amend is denied.**

Neither party addressed whether the court should grant leave to amend.  Although the law provides that the court "shall grant leave to amend freely when justice so requires,"[45] leave to amend should be denied if the deficiencies cannot be cured and further amendments would be futile.[46]  I find that amendment would be futile here because Day has not shown—and this court cannot conclude on this record—that amendment could cure the defects in any of Day's claims. The existence of MidFirst's 2019 mortgage precludes any quiet-title, fraud, or unjust-enrichment action.  Day may be able to bring a new REPSA claim in a separate lawsuit if MidFirst fails to respond to his recent requests, but that future possibility does not save his current claim.  So this dismissal is without leave to amend.

---

[44] *See Topaz Mut. Co., Inc. v. Marsh*, 839 P.2d 606, 613 (Nev. 1992) (quoting *Nev. Industrial Dev. v. Benedetti*, 741 P.2d 802, 804 n. 2 (Nev. 1987)) ("Unjust enrichment is the unjust retention of a benefit to the loss of another, or the retention of money or property of another against the fundamental principles of justice or equity and good conscience.").

[45] *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (cleaned up).

[46] *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018) ("Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal.").

**Conclusion**

IT IS THEREFORE ORDERED that the defendants' motions to dismiss **[ECF Nos. 12, 15] are GRANTED**.  Day's complaint is **DISMISSED** and without leave to amend, and the Clerk of Court is directed to **ENTER JUDGMENT** accordingly and **CLOSE THIS CASE.  IT IS FURTHER ORDERED** that the lis pendens on the property located at 6855 Desert Island Street, Las Vegas, Nevada 89149 based on the pendency of this action is **EXPUNGED**.

_____
U.S. District Judge Jennifer A. Dorsey
February 25, 2026